IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DAVID MILLER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-CV-665 |
| § | |
| ORION CONSTRUCTION, L.P., § | |
| § | RULE 9(h) ADMIRALTY |
| Defendant. § | |

## ORDER CARRYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FORWARD TO TRIAL

Plaintiff David Miller ("Plaintiff") brings this action against Defendant Orion Construction, L.P. ("Defendant") for personal injuries that he allegedly endured while in Defendant's employ.[1] Defendant filed a Motion for Summary Judgment, claiming that Plaintiff is not a Jones Act seaman and that his exclusive remedy lies in the Longshoremen's and Harbor Workers' Compensation Act (LHWCA). *See* LHWCA, 33 U.S.C. § 901 *et seq.*; *Buras v. Commercial Testing & Eng'g Co.*, 736 F.2d 307, 309 (5th Cir. 1984) ("[T]he Jones Act and the [LHWCA] are mutually exclusive."). In the Fifth Circuit, a potential Jones Act seaman "must at least demonstrate that a genuine issue exists as to whether he was a seaman at the time of his injury; if he was not, his remedies lie within the provisions of the LHWCA." *Buras*, 736 F.2d at 309. In Plaintiff's Response, he presents evidence that he claims would permit a reasonable fact-finder to find in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The evidence

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

indicates that Plaintiff worked on barges and tugs and that his duties included bilging water, helping steer tugs, and handling lines—all activities that could easily be construed as seaman's work because they indicate Plaintiff contributed to Defendant's vessel's missions and that he had a "substantial connection" to Defendant's vessels that exposed him to the "perils of the sea." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368, 115 S. Ct 2172, 2190, 132 L. Ed. 2d 314 (1995). Since "summary judgment in Jones Act cases is rarely appropriate," and "even marginal cases ordinarily should go to the jury," the Court finds that Plaintiff has produced enough evidence to survive summary judgment *at this stage*. The Court is thus leaving the Motion open for ultimate resolution at trial.

For the reasons stated above, Defendant's Motion for Summary Judgment is hereby **CARRIED FORWARD TO TRIAL**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 14th day of May, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge