IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID MILLER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-0665 |
| | § | |
| ORION CONSTRUCTION, L.P., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This admiralty case is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint or, in the Alternative, Rule 39(b) Motion for Jury Trial ("Motion") [Doc. # 38]. Defendant filed its Response [Doc. # 39], and Plaintiff filed a Reply [Doc. # 41]. Having reviewed the full record and having considered the governing legal authorities, the Court **denies** Plaintiff's Motion.

Plaintiff filed this lawsuit on October 25, 2006. In the Complaint, Plaintiff designated the case in the caption as "Rule 9(h) Admiralty" and described the case as being "within the admiralty and maritime jurisdiction of this Court within the meaning of Federal Rule of Civil Procedure 9(h)." *See* Complaint [Doc. # 1]. On December 13, 2006, Plaintiff filed his First Amended Complaint, again including the designation "Rule 9(h) Admiralty" and again stating that the case is "within the admiralty and

maritime jurisdiction of this Court within the meaning of Federal Rule of Civil Procedure 9(h)." *See* First Amended Complaint [Doc. # 9].

It is well-established and uncontested that a plaintiff who files a case with the Rule 9(h) designation is not entitled to a jury. *See* FED. R. CIV. P. 38(e); *Durden v. Exxon Corp.*, 803 F.2d 845, 848-50 (5th Cir. 1986). Plaintiff now seeks leave to amend his complaint to remove the Rule 9(h) designation and have his case tried to a jury. "The amendment of a pleading to . . . withdraw an identifying statement [under Rule 9(h)] is governed by the principles of Rule 15." Fed. R. Civ. P. 9(h).[1]

Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (citations omitted). Nonetheless, leave to amend is not automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citations and internal quotation marks omitted); *accord Goldstein*, 340 F.3d at 254;

---

[1] Plaintiff also relies on Rule 39(b) which provides that, in cases where a jury trial is available but not demanded, the "court in its discretion upon motion may order a trial by a jury of any or all issues." *See* FED. R. CIV. P. 39(b). In this case, however, a jury trial was not available in a case with a Rule 9(h) designation and, therefore, Rule 15 (through Rule 9(h)) governs instead of Rule 39(b).

*Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). In deciding whether to grant leave to file an amended pleading under Rule 15, the district court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm*, 3 F.3d at 139 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (leave to amend denied because of bad faith and dilatory motive); *Goldstein*, 340 F.3d at 254 (citations omitted); *United States v. Humana Health Plan of Texas Inc*, 336 F.3d 375, 386-87 (5th Cir. 2003) (denying leave where plaintiff failed to correct deficiencies through two prior amendments).

In this case, Plaintiff filed an original complaint and an amended complaint with the Rule 9(h) designation. Plaintiff asserts that he relied on the "local practice" of the prior judge to whom this case was assigned. That practice, which the record indicates was unwritten, ill-defined, and not uniformly followed, was to empanel an advisory jury for 9(h) cases. Because this "local practice" involved using only an *advisory* jury, the practice did not support Plaintiff's current claim that he believed that his case would be tried to a regular jury.

Moreover, Defendant has shown that it would suffer prejudice if Plaintiff is permitted to file a Second Amended Complaint removing the 9(h) designation.

Defendant selected and designated its experts, and conducted discovery, based on its reliance on Plaintiff's repeated designation of the case pursuant to Rule 9(h). Specifically, understanding that the case would be tried to the Court or, at most, to an advisory, non-binding jury, Defendant did not retain experts to challenge Plaintiff's treating physicians' testimony, did not retain an expert economist, and deposed no fact witnesses other than Plaintiff. Defendant, also in reliance on the 9(h) designation in Plaintiff's Complaint and First Amended Complaint, decided not to file a pretrial motion challenging the legal and factual sufficiency of Plaintiff's request for punitive damages.[2]

The case, filed October 25, 2006, is thirteen months old and is ready for trial. Plaintiff's current request to amend his complaint to remove the Rule 9(h) designation is denied due to the undue delay and Plaintiff's repeated failure to remove the Rule 9(h) designation in the First Amended Complaint if he wanted his case tried to a jury. Moreover, the Motion is denied because it would result in undue prejudice to Defendant. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion [Doc. # 38] is **DENIED**. The case remains scheduled for trial to the Court beginning at **9:30 a.m. on Monday, December 10, 2007, in Houston, Texas**.

---

[2] Plaintiff in his Reply stipulates that he will not seek punitive damages. *See* Reply, p. 6.

SIGNED at Houston, Texas, this **27th** day of **November, 2007**.

_____
Nancy F. Atlas
United States District Judge